WASTE, C. J.
Petitioner, a reclamation district situate in Contra Costa County, seeks the issuance of a writ of mandamus compelling the respondent, as treasurer of that county, to give and publish notice of sale and to hold a sale of certain bonds issued by it. Respondent has demurred generally.
The petition alleges the regularity and validity of the organization of the district in 1914H915 in Contra Costa County and within the Sacramento and San Joaquin drainage district, and the election and qualification of a board of trustees. It then alleges that said board of trustees made and rendered their report to the board of supervisors for an original plan of reclamation work together with an estimate of the cost thereof; that thereafter three disinterested commissioners were appointed to view and assess upon the lands of the district and apportion the same according to benefits the cost of said proposed reclamation work, which was done; that the commissioners thereafter made and filed with the board of supervisors an assessment list showing the charges assessed against each tract of land in the district; that due notice was given of the time and place fixed by the board of supervisors for the hearing of objections to said assessment; that no objections were made thereto and the same was approved by the board of supervisors; that the assessment was fully paid but the board of trustees discovered ■ and concluded that it was insufficient to provide for the reclamation of the land in the district as contemplated in the above-mentioned plan of reclamation; that the trustees thereupon presented to the board of supervisors a statement of the work to be done and its estimated cost and the board of supervisors directed the commissioners who had made the original assessment to assess the -same, against the lands in the district according to the benefits to accrue therefrom; that this was accordingly done and an assessment list disclosing the same was filed with the board of supervisors; that no objections *745 were made to said assessment at the hearing duly noticed therefor and the same has been fully paid; that the district completed all work called for in the plan of reclamation and fully paid therefor; that subsequently and on January 31, 1918, the trustees of the district reported the reclamation work finished and that in the future it would only require funds for the maintenance and repair of the same and petitioned the board of supervisors to appoint assessment commissioners; that assessment commissioners were so appointed and, pursuant to order, prepared and filed an assessment valuation list, which was thereafter duly revised and corrected; that no objections to either the original or revised assessment valuation list were made at the hearing duly noticed therefor, whereupon the board of supervisors approved the same; that thereafter and based upon said assessment valuation list, the trustees levied various assessments on the lands in the district for the purpose of raising money to defray the costs and expenses of maintaining and repairing the reclamation work; that on July 25, 1935, the trustees in meeting assembled enacted a resolution and order, pursuant to the provisions of section 3480 of the Political Code, calling a special election of the landowners for the purpose of bonding the district to raise money for the purpose of paying outstanding warrants and interest thereon and to continue the maintenance and repair of the reclamation work; that at such duly noticed and specially held election a large majority of the votes cast favored the issuance of said bonds; that on January 23, 1936, the trustees levied and apportioned an assessment in the sum of $60,000 on all the lands in the district and directed the issuance of bonds in said amount, bearing interest at the rate of 5 per cent'; that notice thereof was published as required by law; that the assessment so levied was filed, as required, in the office of the county treasurer; that on March 10, 1936, the trustees caused to be prepared and signed by the president, of the district, attested by the county auditor, and delivered to the respondent county treasurer, sixty $1,000 bonds of the district, bearing interest at 5 per cent, and serially numbered from 1 to 60; that immediately thereafter the district, petitioner herein, as plaintiff instituted a validation proceeding in the superior court, as authorized by section 3480, supra; that no appearances were made or answers filed by or *746 on behalf of any defendant or land or landowner, and the default of the defendants was entered therein; that on or about June 5,1936, the superior court made and entered its amended judgment validating the bond issue, which judgment, it is declared in section 3480, supra, “shall be considered as a judgment in rem and shall be conclusive against said district and against all lands therein and all owners thereof and other interested persons”; that thereafter and on November 12, 1936, the trustees enacted a resolution requesting the respondent treasurer to publish notice of sale of the bonds and to sell the same in accordance with law; and that the respondent treasurer in writing refused so to do.
In support of his demurrer to the petition, and of his refusal to act in the manner requested, the respondent treasurer has abandoned, as being without merit, all contentions heretofore advanced by him except that having to do with the alleged failure of the petitioning district to comply with the provisions of section 3455a of the Political Code. Briefly, the section requires, among other things, that any reclamation district, such as petitioner, located in whole or in part within the Sacramento and San Joaquin drainage district must obtain the approval of the state board of reclamation of its plan of reclamation.
The provision of the cited section requiring such prior approval presents no obstacle to the issuance of the writ here sought. It is apparent from the allegations of the petition, which for present purposes stand admitted by demurrer, that the petitioning district was organized and its plan of reclamation adopted and carried out at a time when the section did not require such prior approval. The section was amended in 1917 to so provide. (Stats. 1917, p. 1198.) On the other hand, a reading of the petition in the light of the pertinent sections of the Political Code (3446 et seq.), as they read at the time of the organization of the petitioning district and the adoption and carrying out of its plan of reclamation, discloses complete conformity with the applicable law on the subject. It also appears that the district long since has completed its plan of reclamation and had so notified the board of supervisors, as required, at which time it was indicated that thereafter the district would only require funds for the maintenance and repair of said work of reclamation whereupon, pursuant to petition, assessment commis *747 sioners were appointed and an assessment valuation list adopted and approved, without objection, which list thereafter was to be employed as the basis for levying assessments for the purpose of raising money with which to defray the cost of repairing and maintaining the reclamation work. As we read the petition and the exhibits attached thereto, the moneys to be derived under the assessment of January 23, 1936, and the bonds issued pursuant thereto which it is here sought to compel the respondent to advertise and sell, are to be employed as authorized by the provision of section 3456, reading as follows: hereafter [i. e., following completion of reclamation plan and' adoption of assessment valuation list, as here] whenever in the opinion of the trustees of the district, it shall be necessary to raise any sum for the construction, maintenance or repair of the works of reclamation, or for the incidental expenses of the district, the said board of trustees shall make an order, which order shall be entered in the minutes of the board and shall recite the total amount necessary to be raised and shall fix a rate designating the number of cents to be levied on each one hundred dollars of assessment valuation shown on the list prepared and approved in the manner hereinabove provided ...” The foregoing and all following provisions of the section, from the admitted allegations of the petition, appear to have been carefully complied with by the trustees of the district in levying and filing said assessment and issuing the bonds thereunder.
There is nothing in the petition to indicate that the moneys to be derived under the assessment or from the bond's are to be employed in any new or additional work of reclamation in the district and, therefore, the present provision of section 3455a requiring prior approval of the state board of reclamation is without application. However, even if some modifications in the plan of reclamation were contemplated, the following reasoning would appear to be pertinent: “As long as the modifications did not materially affect the general plan it was within the discretion of the trustees to adopt them without the direction of said board. The purposes of said statute [in this case, section 3455a supra] was, of course, to secure, as far as practicable, harmony and uniformity among the various districts in the promotion of reclamation throughout the Sacramento and San Joaquin *748 Valleys, and we can see nothing in the course pursued herein tending to nullify or defeat such purpose.” (Silva v. Reclamation Dist., 41 Cal. App. 326, 331 [182 Pac. 786], hearing denied in this court.)
Let a peremptory writ issue as prayed.
Shenk, J., Houser, J., Curtis, J., Edmonds, J., and Langdon, J., concurred.